**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

23-CIV-80207-Cannon/Reinhart

**Nelson Henry,**

Plaintiff(s)

VS.

**Caroline Cahill Shepherd,**

Defendant(s)

_____/

FILED BY ᴍᴇᴅ D.C.
FEB 07 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## COMPLAINT

I, Nelson Henry, Plaintiff, in the above styled cause, sue Defendant, Caroline Cahill Shepherd. This action is filed under 190 Other Contract, and in support thereof would show unto the Court the following matters and facts:

1. NELSON HENRY is a corporation organized and existing under the laws of the State of Florida, with its principal office located at 12415 79th court north, West Palm Beach, Florida [33412].

2. Defendant, Caroline Cahill Shepherd is an adult resident citizen of the State of Florida, and may be served with process and other writs of this Court at 205 North Dixie Highway, West Palm Beach, FL 33401.

3. On or about December 12, 2022, Conditional Acceptance for Value for Proof of Claim and Affidavit of Truth was sent by plaintiff Nelson Henry to defendant Caroline Cahill Shepherd at 205 North Dixie Highway, West Palm Beach, FL 33401 via Certified Mail with Return Receipt Number 9590940273472028382590, and on or about December 17, 2022 the Conditional Acceptance for Value for Proof of Claim was accepted in Judge Daniel T. K. Hurley Courthouse, Plaintiff and Defendant entered into a written agreement, a copy of Conditional Acceptance for Value for Proof of Claim and Affidavit of Truth is attached hereto as **Exhibit A** and made a part hereof. According to paragraph one of the contract of Conditional Acceptance for Value for Proof of Claim, the plaintiff Nelson Henry promised to agree to plea to the Facts, but not the crimes once the defendant Caroline Cahill Shepherd provided Proof of Claim in respect to the 'charging instrument'/case # 50-2021-CF-001930-AXXX-MB that the prosecution was lawful, proper and/or 'Constitutional' so that plaintiff Nelson Henry can determine that defendant Caroline Cahill Shepherd and/or others within Defendant venue did not commit constitutional impermissible application of the statute or law in this matter.

4 . Plaintiff, Nelson Henry respectfully requested defendant Caroline Cahill Shepherd to reply within 30 days in providing Proof of Claim to the Plaintiff Nelson Henry and to rebut Affidavit of Truth and should defendant Caroline Cahill Shepherd go into Fault, Plaintiff Nelson Henry gave defendant Caroline Cahill Shepherd additional three days (72 hrs) for defendant Caroline Cahill Shepherd to cure her fault of Non-Response.

5 . If Defendant, Caroline Cahill Shepherd failed to Cure fault, that defendant Caroline Cahill Shepherd be found in Default and will have establish her default and dishonor of this counter-offer to the original offer indictment in the record. The defaulting and dishonoring party will be foreclosed on by laches and estoppel from maintaining or enforcing the original offer in any court or administrative unit and defendant Caroline Cahill Shepherd agree that the Plaintiff Nelson Henry exercise his exclusive remedy as to the stipulated and agreed upon false arrest, misapplication of the statute, malicious prosecution, conspiracy, unlawful incarceration and via Tort.

6 . On or about December 12, 2022, Affidavit of Public Servant's Bond Obligations was sent by Plaintiff, Nelson Henry to Defendant, Caroline Cahill Shepherd at 205 North Dixie Highway, West Palm Beach, FL 33401 via Certified Mail with Return Receipt Number 9590940273472028382590, and on or about December 17, 2022 in Judge Daniel T. K. Hurley Courthouse, Plaintiff and Defendant entered into a written agreement, a copy of Affidavit of Public Servant's Bond Obligations is attached hereto as **Exhibit B** and made a part hereof. According to paragraph one and the very last paragraph Plaintiff Nelson Henry promised that the contents within the Affidavit of Public Servant's Bond Obligations are true, correct and complete, and not misleading, the truth, the whole truth and nothing but the truth, and do believe that the above stated acts and bonding requirements have been committed contrary to law by our Public Servant defendant Caroline Cahill Shepherd. Plaintiff, Nelson Henry requested defendant Caroline Cahill Shepherd to refute point for point that she did not violate all Matters within the Affidavit of Public Servant's Bond Obligations.

7 . Plaintiff, Nelson Henry respectfully requested defendant Caroline Cahill Shepherd to reply within 30 days in responding with a signed Affidavit and verified evidence to oppose the truths as Plaintiff Nelson Henry knows them and should Defendant Caroline Cahill Shepherd go into Fault, Plaintiff Nelson Henry gave defendant Caroline Cahill Shepherd additional three days (72 hrs) for Defendant to cure her fault of Non-Response.

8 . If Defendant, Caroline Cahill Shepherd failed to Cure fault, that defendant Caroline Cahill Shepherd be found in Default and will have establish her default and dishonor to the matters stipulated within the Affidavit of Public Servant's Bond Obligations.

9 . The consideration set forth in the agreement was fair and reasonable.

10 . On or about January 17, 2023, the Defendant Caroline Cahill Shepherd breached the contract by failing to perform and/or provide all conditions, covenants, and promises required

by it on its part to be performed and/or provided in accordance with the terms and conditions of the contract.

11 . Defendant, Caroline Cahill Shepherd failed to respond within the time stipulated and presumption is made that Defendant Caroline Cahill Shepherd is in full acceptance and in full agreement that Defendant Caroline Cahill Shepherd violated all matters therein as stipulated in Affidavit of Public Servant's Bond Obligations.

12 . By reason of Defendant Caroline Cahill Shepherd breach of the contract, the Plaintiff Nelson Henry suffered damages in the $850, 000. Plaintiff was denied to go back to work and to work at all causing lost of wages, debts, lost of property as in vehicle, child financial obligations, emotional distress, rebuilding connection with my child, parking fees, gas fees, father lost wages to drive me to every proceedings, and father vehicle radiator blowing coming back home from proceedings.

13 . The Plaintiff is entitled to recover its reasonable attorney fees incurred in the enforcement of the entire process.

14 . See **Exhibit C** for Notice of Presentment, Cease And Desist, Notice of Intent Fee Schedule, Notice of Default, Certificate of Non-Response, Copy Certification, and copies of Certified Mail Receipts and Returned Green Cards.

WHEREFORE, Plaintiff prays judgement against Defendant Caroline Cahill Shepherd as follows:

1. For compensatory damages in the sum of $850, 000;
2. Comply to Plaintiff Fee Schedule That Defendant is aware of, to comply to the Cease And Desist, Affidavit of Public Servant's Bond Obligations and Proof of Claim.
3. For reasonable attorney's fees;
4. For cost of suit herein incurred; and
5. For such other and further relief as the court may deem proper.

Dated: February 6, 2023.

Respectfully Submitted,

*Nelson Henry*
Signature of Plaintiff

C/o 12415 79th court north
West Palm Beach, Florida [33412]
Telephone: 561-679-5430

I declare under penalty of perjury that the foregoing is true and correct

Executed on: _February 6, 2023_ ; Signature of Plaintiff: _Nelson Henry_